Dear Mr. Perez,
As Executive Counsel for the Louisiana Department of Health and Hospitals, you have formally requested an Attorney General Opinion regarding the following issues:
 Are persons convicted of a sex offense or persons acquitted by a finding of not guilty by reason of insanity, as defined by LSA R.S. 15:542(A), required to comply with the registration requirements contained with LSA R.S. 15:540, et seq, while they are confined in the custody of DHH/OCDD?
 What are the duties and obligations of DHH/OCDD with respect to persons convicted of a sex offense or persons acquitted by a finding of not guilty by reason of insanity, as defined by LSA R.S. 15:542(A) and 15:541(4), under with LSA R.S. 15:540, et seq, while
said persons are confined in the custody of DHH/OCDD?
Louisiana's sex offender registration law underwent a significant revision during the last legislative session. As a result of this revision, there were considerable changes to registration requirements imposed upon sex offenders. One of those changes, namely an institution's duty to register a convicted sex offender before release, is the subject of your inquiry.
In your request, you asked if persons convicted of a sex offense or persons acquitted by a finding of not guilty by reason of insanity, as defined by LSA R.S. *Page 2 15:542(A), are required to comply with the registration requirements contained within LSA R.S. 15:540, et seq, while they are confined in the custody of DHH/OCDD? According to Louisiana's sex offender registration law, all persons convicted of the sex offenses defined in LSA-R.S.15:542(A) are subjected to the statutory registration requirements. "Conviction or other disposition adverse to the subject" is defined as "any disposition of charges, except a decision not to prosecute, a dismissal, or an acquittal, except when the acquittal is due to a finding of not guilty by reason of insanity and the person was committed." See LSA-R.S. 15:541(4). Therefore, it is dear that residents of DHH/OCDD facilities who are convicted or found not guilty by reason of insanity of a sex offense are thereby required to register as a sex offender. Note, however, that persons found as incompetent to proceed tor trial are not within the purview of the registration requirements.
Your second question seeks clarification of DHH/OCDD's duties with regard to ensuring that residents are in compliance with the statutory registration requirements. The initial registration procedure for confined sex offenders is contained in LSA-R.S. 15:542(C)(2). It provides:
 every offender required to register in accordance with this Section shall provide the information required by Paragraph (1) of this Subsection to the appropriate law enforcement agencies within three business days of establishing residence in Louisiana, or if a current resident, within three business days after conviction or within ten days prior to release from confinement by the Department of Public Safety and Corrections from a state correctional facility, or from parish jail following a conviction if the offender is not housed in a state correctional facility. (emphasis added)
This provision dictates the procedure for persons admitted in state or parish correctional facilities. Specifically, it provides that sex offenders must register within ten days prior to release. It is apparent that DHH/OCDD is not a state or parish correctional facility under the Department of Public Safety. Nevertheless, assuming that a person is admitted to a DHH/OCDD facility upon a conviction for a sex offense in lieu of jail, it is reasonable to infer that the registration requirements are the same.[1] A distinction should be made between a secure *Page 3 
DHH facility where the individual is involuntarily committed and a facility where the individual is free to come and go. If the individual is free to come and go, the duty is incumbent upon the sex offender to ensure that he or she is registered. On the other hand, if the individual is committed involuntarily to a secure DHH facility, the procedure for registering sex offenders prior to release into the general public apply. This apparently will require DHH to ensure that any resident convicted of a sex offense registers with the appropriate law enforcement agency within ten days prior to release.[2] [3] The statutes are silent on how DHH should ensure that sex offenders in its facilities are registered prior to release. It seems reasonable that DHH could develop its own policy to ensure that information required under LSA-R.S.15:542(C)(1) is delivered to the sheriff's department before release. What's clear, however, is that they must be registered at least 10 days prior to release. For a list of the actual duties that, in our opinion, apply to DHH/OCDD by analogy at the ten day mark, please see LSA-R.S.15:543(B)
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Yours truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:___________________________
 Matthew B. Derbes
 Assistant Attorney General
 Criminal Division
[1] Prior to the 2007 amendments, LSA-R.S. 15:544 made the registration requirements applicable to persons admitted in a "full-time residential facility, hospital, or other facility or institution pursuant to a felony conviction." This had the effect of subjecting hospital residents to the same registration requirements as prison inmates. After the revision, LSA-R.S. 15:544 was reorganized to address a different topic. The provision extending the registration requirements in LSA-R.S. 15:542 to residents in a hospital was not included in another section. It appears that this was an inadvertent omission rather than a substantive change to the law. Since the statute requires residents of both DPS and DHH facilities to be registered, it is reasonable to infer that the rule requiring registration before release also applies to residents of a DHH facility.
[2] Requiring registration prior to rather than after release was one of the key substantive changes made to Louisiana's sex offender registration law in 2007. The only reasonable interpretation is to infer that the Legislature intended this new procedure to apply to offenders admitted to state or parish correctional facilities and DHH facilities.
[3] In defining the findings and purpose of the registration requirements and the need for a more stringent system, the Legislature noted that "penal and mental health components of our justice system are largely hidden from public view and that lack of information form either may result in failure of both systems to meet this paramount concern of public safety." (emphasis added) See 15:540(A)